UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SCOTTSDALE INSURANCE COMPANY,
as successor in interest to policies originally
underwritten by Western Heritage Insurance
Company,

                        Plaintiff,

      -against-

RAZZAL HOSPITALITY AND MANAGEMENT,
INC., R█████ J████ E███████, an infant
under the age of 14 years by his M/G/G ANDREA
T████ E███████ and ANDREA T████
E███████, individually, THE CITY OF NEW
YORK, NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES, 2242 REALTY LLC, and
LCG COMMUNITY SERVICES, INC.,

                       Defendants.

-------------------------------------------------------------------X

Civil Action No.: _____

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

Plaintiff SCOTTSDALE INSURANCE COMPANY, as successor in interest to policies

originally underwritten by Western Heritage Insurance Company (hereinafter, "Scottsdale

Insurance"), by and through its attorneys, WILSON ELSER MOSKOWITZ EDELMAN &

DICKER LLP, allege the following as their Complaint for Declaratory Judgment against

defendants RAZZAL HOSPITALITY AND MANAGEMENT, INC. (hereinafter, "Razzal

Hospitality"), R█████ J████ E███████, an infant under the age of 14 years by his M/G/G

ANDREA T████ E███████ (hereinafter, the "Underlying Infant Plaintiff") and ANDREA

T████ E███████, individually (hereinafter, the "Underlying Guardian Plaintiff", and

collectively with the Underlying Infant Plaintiff, the "Underlying Personal Injury Plaintiffs"),

THE CITY OF NEW YORK (hereinafter, "City of New York"), NEW YORK CITY

DEPARTMENT OF HOMELESS SERVICES (hereinafter, "NYC Homeless Services", and

collectively with the City of New York, the "New York City Defendants"), 2242 REALTY LLC

(hereinafter, "2242 Realty"), and LCG COMMUNITY SERVICES, INC. (hereinafter, LCG Services"), upon information and belief:

## NATURE OF ACTION

1.      Scottsdale Insurance brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* against Razzal Hospitality, the Underlying Personal Injury Plaintiffs, the New York City Defendants, 2242 Realty, and LCG Services declaring that Scottsdale Insurance has no obligation to defend or indemnify Razzal Hospitality or any other parties in connection with an underlying personal injury action commenced by the Underlying Personal Injury Plaintiffs under certain insurance policies issued by Scottsdale Insurance to Razzal Hospitality, on the grounds that there is no coverage under the insurance policies for the claims asserted in the underlying personal injury action.

2.      An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the insurance policies is necessary and appropriate.

## THE PARTIES

3.      At all relevant times, Scottsdale Insurance was and still is an Ohio corporation with its principal place of business in Scottsdale, Arizona, authorized to conduct business and write insurance policies in the State of New York.

4.      Scottsdale Insurance is successor in interest to policies originally underwritten by Western Heritage Insurance Company ("WHIC").

5.      At all relevant times, Razzal Hospitality was and still is a New York business corporation.

6.      At all relevant times, Razzal Hospitality was a New York business corporation.

7.      At all relevant times, Razzal Hospitality had and still has its principal place of

2

7525539v.1

business at P.O. Box 99, Cedarhurst, New York, 11516.

8.     At all relevant times, Razzal Hospitality had its principal place of business at P.O. Box 99, Cedarhurst, New York, 11516.

9.     At all relevant times, Razzal Hospitality had and still has its principal place of business at 5614 16th Avenue, Brooklyn, New York, 11204.

10.     At all relevant times, Razzal Hospitality had its principal place of business at 5614 16th Avenue, Brooklyn, New York, 11204.

11.     At all relevant times, Razzal Hospitality had and still has its principal place of business at 14-16 Mount Hope Place, Bronx, New York, 10453.

12.     At all relevant times, Razzal Hospitality had its principal place of business at 14-16 Mount Hope Place, Bronx, New York, 10453.

13.     At all relevant times, Razzal Hospitality was and still is authorized to conduct business in the State of New York.

14.     At all relevant times, Razzal Hospitality was authorized to conduct business in the State of New York.

15.     At all relevant times, Razzal Hospitality conducted and still conducts business in the State of New York.

16.     At all relevant times, Razzal Hospitality conducted business in the State of New York.

17.     At all relevant times, the Underlying Infant Plaintiff was and is a natural person who was a citizen and resident of the State of New York.

18.     At all relevant times, the Underlying Infant Plaintiff resided and still resides at 2242 Webster Avenue, Apartment 44, Bronx, New York 10457 and/or 91 Mosholu Parkway North, Bronx, New York 10467.

3

19.    At all relevant times, the Underlying Infant Plaintiff resided at 2242 Webster Avenue, Apartment 44, Bronx, New York 10457 and/or 91 Mosholu Parkway North, Bronx, New York 10467.

20.    At all relevant times, the Underlying Guardian Plaintiff was and is a natural person who was a citizen and resident of the State of New York.

21.    At all relevant times, the Underlying Guardian Plaintiff resided and still resides at 2242 Webster Avenue, Apartment 44, Bronx, New York 10457 and/or 91 Mosholu Parkway North, Bronx, New York 10467.

22.    At all relevant times, the Underlying Guardian Plaintiff resided at 2242 Webster Avenue, Apartment 44, Bronx, New York 10457 and/or 91 Mosholu Parkway North, Bronx, New York 10467.

23.    The Underlying Guardian Plaintiff is sued herein individually and in her capacity as the mother and natural guardian of the Underlying Infant Plaintiff.

24.    At all relevant times, the City of New York was and still is a municipal corporation, duly organized, existing under and by virtue of the laws of the State of New York.

25.    At all relevant times, NYC Homeless Services was and still is a municipal corporation and/or a department, agency, and/or subdivision of a municipal corporation, duly organized, existing under and by virtue of the laws of the State of New York.

26.    At all relevant times, 2242 Realty was a New York limited liability company.

27.    At all relevant times, 2242 Realty had and still has its principal place of business at 228 East Route 59, Nanuet, New York 10954.

28.    At all relevant times, 2242 Realty had its principal place of business at 228 East Route 59, Nanuet, New York 10954.

29.    At all relevant times, 2242 Realty had and still has its principal place of business

4

at P.O. Box 150, Monsey, New York 10952.

30.     At all relevant times, 2242 Realty had its principal place of business at P.O. Box 150, Monsey, New York 10952.

31.     At all relevant times, 2242 Realty was and still is authorized to conduct business in the State of New York.

32.     At all relevant times, 2242 Realty was authorized to conduct business in the State of New York.

33.     At all relevant times, 2242 Realty conducted and still conducts business in the State of New York.

34.     At all relevant times, 2242 Realty conducted business in the State of New York.

35.     At all relevant times, LCG Services was a New York not-for-profit corporation.

36.     At all relevant times, LCG Services had and still has its principal place of business at 5614 16th Avenue, Brooklyn, New York 11204.

37.     At all relevant times, LCG Services had its principal place of business at 5614 16th Avenue, Brooklyn, New York 11204.

38.     At all relevant times, LCG Services was and still is authorized to conduct business in the State of New York.

39.     At all relevant times, LCG Services was authorized to conduct business in the State of New York.

40.     At all relevant times, LCG Services conducted and still conducts business in the State of New York.

41.     At all relevant times, LCG Services conducted business in the State of New York.

## JURISDICTION

42.     By reason of the above, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000).

43.     This Court has diversity jurisdiction as plaintiff Scottsdale Insurance was and still is an Ohio corporation with its principal place of business in Scottsdale, Arizona, and defendants Razzal Hospitality, the Underlying Personal Injury Plaintiffs, New York City Defendants, 2242 Realty, and/or LCG Services were and still are New York residents, corporations, and/or business entities.  As such, no named defendant is domiciled in or a citizen or resident of the State of Ohio or the State of Arizona, and plaintiff and defendants are therefore citizens of different states.

44.     The amount in controversy in this action exceeds $75,000 and represents potential fees, costs, and/or damages sought or potentially sought by, on behalf of, and/or from Razzal Hospitality and/or Scottsdale Insurance in connection with the defense and/or indemnification of the underlying personal injury action.

## VENUE

45.     The underlying personal injury action allegedly arose out of acts and/or omissions which took place in this judicial district within the State of New York.  The underlying personal injury action is pending in this judicial district.  Accordingly, venue lies with this Court under 28 U.S.C. § 1391, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

7525539v.1

## THE INSURANCE POLICIES

46.     Scottsdale Insurance / WHIC issued a commercial general liability policy to Razzal Hospitality bearing policy number SCP1002419, with effective dates of May 30, 2014 through May 30, 2015 (hereinafter, the "2014-2015 CGL Policy").  The 2014-2015 CGL Policy provided liability coverage to Razzal Hospitality with policy limits of $1,000,000 per occurrence subject to the terms, conditions, limitations, exclusions, and restrictions of the 2014-2015 CGL Policy.

47.     Scottsdale Insurance / WHIC also issued a commercial general liability policy to Razzal Hospitality bearing policy number SCP1038220, with effective dates of May 30, 2015 through May 30, 2016 (hereinafter, the "2015-2016 CGL Policy").  The 2015-2016 CGL Policy provided liability coverage to Razzal Hospitality with policy limits of $1,000,000 per occurrence subject to the terms, conditions, limitations, exclusions, and restrictions of the 2015-2016 CGL Policy.

48.     Both the 2014-2015 CGL Policy and the 2015-2015 CGL Policy contained Commercial General Liability Coverage Form CG 00 01 04-13, which provided, in relevant part, as follows:

### SECTION I – COVERAGES

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     **Insuring Agreement**

    a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

7

* * *

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b.      This insurance applies to "bodily injury" and "property damage" only if:

* * *

(2)      The "bodily injury" or "property damage" occurs during the policy period [.]

49.      Both the 2014-2015 CGL Policy and the 2015-2015 CGL Policy also contained endorsement CG 21 44 07 98, entitled "Limitation of Coverage to Designated  Premises or Project", which provided, in relevant part, as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| |
|---|
| **Premises:** <br> SEE LOCATIONS SCHEDULE |
| **Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1.      The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.      The project shown in the Schedule.

8

50.     The 2014-2015 CGL Policy contained endorsement WHI 20-0403 (8/03), entitled "Schedule of Locations", which listed the following "Designated Premises":

>    1) 2376 Hoffman Street, Bronx NY 10458
>
>    2) Atlantic Ave, Brooklyn NY 11233
>
>    3) 957 Kelly Street, Bronx NY 10459

51.     The 2015-2016 CGL Policy contained endorsement WHI 20-0403 (8/03), entitled "Schedule of Locations", which listed the following "Designated Premises":

>    1) 2346 Atlantic Avenue, Brooklyn NY 11233
>
>    2) 957 Kelly Street, Bronx NY 10458
>
>    3) 2378 Hoffman Avenue, Bronx NY 10458
>
>    4) 2376 Hoffman Avenue, Bronx NY 10458
>
>    5) 2230 University Avenue, Bronx NY 10453
>
>    6) 2348 Atlantic Avenue, Brooklyn NY 11233
>
>    7) 2352 Atlantic Avenue, Brooklyn NY 11233
>
>    8) 530 W. 187th Street, New York NY 10033
>
>    9) 2136 Mapes Avenue, Bronx NY 10460

## THE UNDERLYING PERSONAL INJURY LAWSUIT

52.     The Underlying Personal Injury Plaintiffs commenced the underlying personal injury lawsuit against Razzal Hospitality, the New York City Defendants, 2242 Realty, and LCG Services (hereinafter and collectively, the "Underlying Personal Injury Defendants"), entitled *R███ J████ E██████, an infant under the age of 14 years by his M/G/G ANDREA T████ E███████ and ANDREA T██████ E███████, individually v. THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, 2242 REALTY LLC, LCG COMMUNITY SERVICES, INC., and RAZZAL HOSPITALITY AND*

9

*MANAGEMENT, INC.*, in the Supreme Court of the State of New York, County of Bronx, under Index No. 28309/2016 (hereinafter, the "Underlying Action"), by the filing of a Supplemental Summons and Amended Verified Complaint dated April 23, 2017, a copy of which is annexed hereto as **Exhibit "A"**.

53.      In the Underlying Action, the Underlying Personal Injury Plaintiffs seek to recover damages from Razzal Hospitality and the other Underlying Personal Injury Defendants for personal injuries the Underlying Infant Plaintiff allegedly sustained due to exposure to lead based paint while the Underlying Infant Plaintiff resided at the premises located at 2242 Webster Avenue, Apartment 44, Bronx, New York 10457 (hereinafter, the "Subject Premises") on or before September 10, 2015 and continuing thereafter.  See Exhibit "A".   The Underlying Personal Injury Plaintiffs allegedly resided at the Subject Premises from January 2015 to approximately September 2015.  See the Underlying Personal Injury Plaintiffs' Affirmation in Support of Motion to Amend Notice of Claim dated January 19, 2017, a copy of which is annexed hereto as **Exhibit "B"**.

54.      In particular, in the Underlying Action, it is alleged that the Underlying Personal Injury Defendants owned, leased, controlled, maintained, operated, repaired, inspected, and/or managed the Subject Premises.  See Exhibit "A".  In addition, the Underlying Personal Injury Plaintiffs allege that the Underlying Infant Plaintiff's injuries were caused by the negligence and statutory and other violations of the Underlying Personal Injury Defendants.  See Exhibit "A".

55.      Pursuant to an Amended Notice of Claim dated October 24, 2016 (amended January 30, 2017), a copy of which is annexed hereto as **Exhibit "C"**, the Underlying Personal Injury Plaintiffs are seeking $6 million in damages in the Underlying Action.

56.      2242 Realty subsequently commenced a third-party action against Razzal Hospitality in connection with the Underlying Action by the filing of a Third-Party Summons

and Third-Party Complaint dated May 31, 2018, a copy of which is annexed hereto as **Exhibit "D"**. Pursuant to the Third-Party Complaint, 2242 Realty seeks contractual and common-law indemnification and contribution from Razzal Management in connection with the Underlying Action. See Exhibit "D".

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Designated Premises)

57.     Scottsdale Insurance repeats, realleges and incorporates herein each and every allegation in paragraphs designated 1 through 56 as if fully set forth herein.

58.     In the Underlying Action, it is alleged that the Underlying Infant Plaintiff sustained injuries due to exposure to lead based paint at the Subject Premises located at 2242 Webster Avenue, Apartment 44, Bronx, New York 10457.

59.     The 2014-2015 CGL Policy only applies to bodily injury arising out of the ownership, maintenance or use of the scheduled locations / designated premises under the 2014-2015 CGL Policy, and operations necessary or incidental to those premises.

60.     The Subject Premises it not a scheduled location / designated premises under the 2014-2015 CGL Policy.

61.     As such, there is no coverage under the 2014-2015 CGL Policy for bodily injury at the Subject Premises.

62.     Accordingly, there is no coverage under the 2014-2015 CGL Policy for the Underlying Action because it arises from an incident that occurred away from any scheduled location / designated premises under the 2014-2015 CGL Policy.

63.     Similarly, the 2015-2016 CGL Policy only applies to bodily injury arising out of the ownership, maintenance or use of the scheduled locations / designated premises under the 2015-2016 CGL Policy, and operations necessary or incidental to those premises.

7525539v.1

64.     The Subject Premises it not a scheduled location / designated premises under the 2015-2016 CGL Policy.

65.     As such, there is no coverage under the 2015-2016 CGL Policy for bodily injury at the Subject Premises.

66.     Accordingly, there is no coverage under the 2015-2016 CGL Policy for the Underlying Action because it arises from an incident that occurred away from any scheduled location / designated premises under the 2015-2016 CGL Policy.

67.     Based on the foregoing, Scottsdale Insurance has no duty to defend Razzal Hospitality in the Underlying Action under the 2014-2015 CGL Policy or the 2015-2016 CGL Policy

68.     Based on the foregoing, Scottsdale Insurance has no duty to defend any other party in the Underlying Action under the 2014-2015 CGL Policy or the 2015-2016 CGL Policy.

69.     Based on the foregoing, Scottsdale Insurance has no duty to indemnify Razzal Hospitality in the Underlying Action under the 2014-2015 CGL Policy or the 2015-2016 CGL Policy.

70.     Based on the foregoing, Scottsdale Insurance has no duty to indemnify any other party in the Underlying Action under the 2014-2015 CGL Policy or the 2015-2016 CGL Policy.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Declaratory Judgment – Necessary Party)

71.     Scottsdale Insurance repeats, realleges and incorporates herein each and every allegation in paragraphs designated 1 through 70 as if fully set forth herein.

72.     Scottsdale Insurance seeks this Court's determination, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, concerning the respective rights and obligations of the parties under the 2014-2015 CGL Policy and 2015-2016 CGL Policy in connection with the

Underlying Action.

73.     Under Rule 19(a) of the Federal Rules of Civil Procedure, a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if (1) in that person's absence, the Court cannot accord complete relief among existing parties, or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (a) as a practical matter impair or impede the person's ability to protect the interest or (b) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

74.     The Underlying Personal Injury Plaintiffs are plaintiffs in the Underlying Action and were allegedly injured as a result of the matters alleged therein against Razzal Hospitality.

75.     The New York City Defendants, 2242 Realty, and LCG Services are defendants in the Underlying Action that have or may assert claims against Razzal Hospitality in the Underlying Action.

76.     As parties to the Underlying Action, the Underlying Personal Injury Plaintiffs, New York City Defendants, 2242 Realty, and LCG Services have an interest relating to the subject matter of this action and will be bound by a determination in favor of Scottsdale Insurance.

77.     Therefore, upon a declaration of non-coverage for Razzal Hospitality, Scottsdale Insurance is entitled to a declaration that is has no obligation to the Underlying Personal Injury Plaintiffs, New York City Defendants, 2242 Realty, and LCG Services for the matters alleged in the Underlying Action.

7525539v.1

**WHEREFORE**, plaintiff Scottsdale Insurance respectfully requests that a declaratory judgment be granted, declaring the rights and other legal relations of the parties hereto in respect to the matters set forth in this Complaint, and that such judgment be rendered in favor of plaintiff Scottsdale Insurance against defendants Razzal Hospitality, the Underlying Personal Injury Plaintiffs, the New York City Defendants, 2242 Realty, and LCG Services, as follows:

1) A declaration that there is no coverage for the Underlying Action under the 2014-2015 CGL Policy because the Subject Premises is not a scheduled location / designated premises under the policy.

2) A declaration that there is no coverage for the Underlying Action under the 2015-2016 CGL Policy because the Subject Premises is not a scheduled location / designated premises under the policy.

3) A declaration that Scottsdale Insurance has no obligation to defend or indemnify Razzal Hospitality in the Underlying Action.

4) A declaration that Scottsdale Insurance has no obligation to defend or indemnify any other party in the Underlying Action.

5) A declaration that, as necessary and otherwise proper parties, the Underlying Personal Injury Plaintiffs, New York City Defendants, 2242 Realty, and LCG Services are bound by the Court's determinations herein, and have no right to make any claim under the 2014-2015 CGL Policy or the 2015-2016 CGL Policy with respect to the claims against Razzal Hospitality.

6) A declaration that Scottsdale Insurance has no obligation to the Underlying Personal Injury Plaintiffs, New York City Defendants, 2242 Realty, and LCG Services for the matters alleged in the Underlying Action.

7) For such other and further relief as this Court may deem just and proper.

7525539v.1

Dated:  White Plains, New York
          March 14, 2019

                                        Yours, etc.,

                **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

                              By: _____
                                    Michael Guttman, Esq.
                                    Attorneys for Plaintiff
                                    SCOTTSDALE INSURANCE COMPANY
                                    1133 Westchester Avenue
                                    White Plains, New York 10604
                                    (914) 323-7000
                                    File No.: 19172.00129

7525539v.1

TO:   RAZZAL HOSPITALITY AND MANAGEMENT
P.O. Box 99
Cedarhurst, New York, 11516

RAZZAL HOSPITALITY AND MANAGEMENT
5614 16th Avenue
Brooklyn, New York, 11204.

RAZZAL HOSPITALITY AND MANAGEMENT
14-16 Mount Hope Place
Bronx, New York, 10453

RAZZAL HOSPITALITY AND MANAGEMENT
*via Secretary of State*

R█████ J████ E███████, an infant under the age of 14 years by his M/G/G
ANDREA T██████ E███ and ANDREA T██████ E███████, individually
91 Mosholu Parkway North
Bronx, New York 10467

GLENN FINLEY, ESQS.
*Attorneys for R█████ J████ E████████, an infant under the age of 14 years by his*
*M/G/G ANDREA T████ E████████ and ANDREA T███████ E████████, individually*
2024 Williamsbridge Road
Bronx, New York 10461

THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES
33 Beaver Street, 17th Floor
New York, New York 10004

2242 REALTY LLC
P.O. Box 150
Monsey, New York 10952

16

2242 REALTY LLC
228 East Route 59
Nanuet, New York 10954


2242 REALTY LLC
*via Secretary of State*


LCG COMMUNITY SERVICES, INC.
5614 16th Avenue
Brooklyn, New York 11204


LCG COMMUNITY SERVICES, INC.
*via Secretary of State*

7525539v.1

CC:    CORPORATION COUNSEL, CITY OF NEW YORK – LAW DEPARTMENT
Zachary Carter, Esq.
Robyn Silvermintz, Esq.
*Attorneys for THE CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES*
100 Church Street
New York, New York 10007
Law Department # 2016-053176


GOLDBERG SEGALLA LLP
George Buermann, Esq.
Oliver E. Twaddell, Esq.
*Attorneys for 2242 REALTY LLC*
711 3rd Avenue, 19th Floor
New York, NY 10017
File # 1021.0003


WINGET SPADAFORA & SCHWARTZBERG LLP
*Attorneys for LCG COMMUNITY SERVICES, INC.*
45 Broadway, 19th Floor
New York, NY 10006

7525539v.1

## VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of New York State, affirm that the following statements are true, under the penalties of perjury.

I am the attorney of record for the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by the plaintiff is that they do not reside in the county wherein deponent maintains his office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: records in deponent's possession as well as conversation with plaintiff.

Dated:      White Plains, New York
            March 14, 2019


_____

Michael A. Guttman, Esq.

7525539v.1

# Exhibit A

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
R████ J████ E████, an infant under the age of 14
years By his M/N/G ANDREA T████ E████ and
ANDREA T████ E████, Individually,

        Plaintiff(s),

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, 2242
REALTY LLC, LCG COMMUNITY SERVICES, INC.,
and RAZZAL HOSPITALITY AND MANAGEMENT, INC.

        Defendant(s),
-----------------------------------------------------------------X

Index No.: 28309/2016E
Date Purchased: 12/09/16
**AMENDED
VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **GLENN FINLEY & ASSOCIATES**, complaining of the Defendant, respectfully allege, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF R████ J████ E████, INFANT

1.    That at all of the times hereinafter mentioned, the defendant, **THE CITY OF NEW YORK**, was and still is a municipal corporation, duly organized, existing under and by virtue of the laws of the State of New York.

2.    That prior to the commencement of this action and within 90 days after the happening of the accident herein, the plaintiffs, R████ J████ E████, infant by his **M/N/G ANDREA T████ E████ and ANDREA T████ E████, Individually**, on the 25th day of November, 2015 and within the time provided by law, served a **Notice of Claim with Intention to Sue in writing**, upon the Comptroller of the City of New York, of her intention to sue by commencing an action against the defendant, **THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** to claim damages for personal

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

injuries sustained by said claimant, R███████ J████ E███████, **infant by his M/N/G ANDREA T██████** E███████, and to claim loss of services, companionship and medical expenses on behalf of infant claimant sustained by Plaintiff A██████ T███████ E███████, the plaintiff herein, therein enumerated, unless the claim presented to the Comptroller of the City of New York was adjusted within the time prescribed by the Charter of the City of New York for the Comptroller to adjust such claim, and which **Notice of Claim with Intention to Sue in writing** also alleged the date, time and place at which said personal injuries were sustained by the claimant, R██████ J████ E██████ **infant by his M/N/G** A████ T████ E██████, the plaintiff herein, the nature and extent of said personal injuries, and the circumstances under which said personal injuries were sustained and the cause thereof, and loss of services, companionship and medical bills incurred by Plaintiff, **ANDREA T█████** E██████ and said **Notice of Claim with Intention to Sue in writing** also stated the place of residence of the claimant, R██████ J█████ E████████ **infant by his M/N/G ANDREA T█████** E██████ **and ANDREA T█████** E██████, **Individually,** the plaintiff herein, by street and number, and said **Notice of Claim with Intention to Sue in writing** was duly verified by oath of the claimant, R██████ J█████ E██████ **infant by his M/N/G ANDREA T█████** E██████ **and ANDREA T█████** E██████ , **Individually,** the plaintiff herein, on the 12th day of November, 2015.

　　　3.　　That thereafter, the Comptroller of the City of New York required the plaintiffs herein to appear before the Comptroller of the City of New York, and to submit to an oral examination (to be conducted on behalf of defendant, **THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**), and that the plaintiffs, R██████ J█████ E███████ **infant by his M/N/G ANDREA T█████** R E████ **and ANDREA T█████** E██████ did so appear and did so submit to such oral examination on the 22nd day of September, 2016, and that although the plaintiffs, R██████ J████ S E████ **infant by his M/N/G ANDREA T██████** E██████ **and ANDREA T█████** E██████, were ready, willing and able to submit themselves to a physical examination at that date, time and place, the Comptroller of the City of New York and the defendant, **THE CITY OF NEW YORK,**

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

failed, omitted and neglected to have a physician present at the aforementioned date, time and place to conduct such physical examination of the plaintiffs, R███ J███ E███ infant by his M/N/G ANDREA T███ E███ and ANDREA T███ E███ L, and as such, the plaintiffs R███ J███ E███ infant by his M/N/G ANDREA T███ E███ and ANDREA T███ E███, **Individually**, were not able to submit themselves to a physical examination by a physician on behalf of the Comptroller of the City of New York and on behalf of the defendant, **THE CITY OF NEW YORK**, and that to date, neither the Comptroller of the City of New York, nor the defendant, **THE CITY OF NEW YORK**, have ever requested that the plaintiff, R███ J███ E███ infant by his M/N/G ANDREA T███ E███ and ANDREA T███ E███ L, **Individually**, submit themselves to a physical examination by a physician on behalf of the defendant, **THE CITY OF NEW YORK**.

4.     That this action was not commenced until after thirty days had elapsed after presentation of said **Notice of Claim with Intention to Sue in writing** upon the Comptroller of the City of New York, who accepted same on behalf of the defendant, **THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**, and after the defendant, **THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**, had neglected or refused to make an adjustment of or payment of said claim within the aforesaid thirty (30) days and not until the claimant, the plaintiff herein, was examined in an oral examination and that although the plaintiffs, R███ J███ E███ infant by his M/N/G ANDREA T███ E███ and ANDREA T███ R E███, **Individually**, were ready, willing and able to submit themselves to a physical examinations by a physician on behalf of the defendant, **THE CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES**, such physical examination have never been requested by either the Comptroller of the City of New York on behalf of the defendant, **THE**

3

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, or by the defendant, CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, to date.

5.      That the action herein was commenced on the claim herein within one year and ninety days of the date of the accident herein, to wit, the 10th day of September, 2015, and as such, said action was commenced within the time prescribed by law.

6.      That at all times hereinafter mentioned, Defendant, 2242 REALTY LLC, was a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

7.  That at all times hereinafter mentioned, Defendant, 2242 REALTY LLC, were and still are doing business in the State of New York.

8.  That at all times hereinafter mentioned, Defendant, 2242 REALTY LLC, maintained a principal place of business at 228 East Route 59, Nanuet, New York 10954.

9.      That at all times hereinafter mentioned, Defendant, LCG COMMUNITY SERVICES, INC., was a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, Defendant, LCG COMMUNITY SERVICES, INC., were and still are doing business in the State of New York.

11. That at all times hereinafter mentioned, Defendant, LCG COMMUNITY SERVICES, INC., maintained a principal place of business at 5614 16th Street, Brooklyn, New York 11204.

12. That at all times hereinafter mentioned, Defendant, RAZZAL HOSPITALITY AND MANAGEMENT, INC., was a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. That at all times hereinafter mentioned, Defendant, RAZZAL HOSPITALITY AND MANAGEMENT, INC. was and still is doing business in the State of New York.

4

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

14.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT, INC.,** maintained a principal place of business at P.O. Box 99, Cedarhurst, New York 11516.

15.   That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** owned the premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

16.   That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** was the managing agent of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

17.   That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** was the lessor of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York

18.   That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** was the lessee of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York

19.   That at all times hereinafter mentioned Defendant, **NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** places homeless families in shelters in the County of Bronx, City and State of New York.

20.   That at all times hereinafter mentioned, Defendant, **NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** was the lessee of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

21.   That at all times hereinafter mentioned, Defendant, **NEW YORK CITY**

5

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

**DEPARTMENT OF HOMELESS SERVICES,** was the lessor of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York

22. That at all times hereinafter mentioned Defendant, **THE CITY OF NEW YORK**, places homeless families in shelters in the County of Bronx, City and State of New York.

23. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** was the lessee of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

24. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** was the lessor of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

25. That at all times hereinafter mentioned Defendant, **LCG COMMUNITY SERVICES, INC.,** places homeless families in shelters and/or provides housing and or shelter for homeless families in the County of Bronx, City and State of New York.

26. That at all times hereinafter mentioned, Defendant, **LCG COMMUNITY SERVICES, INC.,** was the lessor of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

27. That at all times hereinafter mentioned, Defendant, **LCG COMMUNITY SERVICES, INC.,** was the lessee of the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

28 .That at all times hereinafter mentioned Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** places homeless families in shelters and/or provides housing and or shelter for homeless families in the County of Bronx, City and State of New York.

29.     That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** was the lessor of the premises known as APARTMENT 44 at the

6

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

30.     That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.** was the lessee of the premises known as APARTMENT 44, at the aforementioned premises known as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

31. That on or before September 10, 2015 continuing thereafter, and at all of the times hereinafter mentioned, the defendant, **THE CITY OF NEW YORK,** had entered into a contract with **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

32. That on or before September 10, 2015, continuing thereafter and at all of the times hereinafter mentioned, the defendant, **THE CITY OF NEW YORK,** had entered into a contract with **LCG COMMUNITY SERVICES, INC.,** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

33.  That on or before September 10, 2015, continuing thereafter and at all of the times hereinafter mentioned, the defendant, **THE CITY OF NEW YORK,** had entered into a contract with **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

34. That on or before September 10, 2015, continuing thereafter, and at all of the times hereinafter mentioned, the defendant, **THE CITY OF NEW YORK,** had entered into a contract with **2242 REALTY LLC** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

35. That on or before September 10, 2015 continuing thereafter and at all of the times

7

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

hereinafter mentioned, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** had entered into a contract with **LCG COMMUNITY SERVICES, INC.** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

36.  That on or before September 10, 2015 continuing thereafter and at all of the times hereinafter mentioned, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** had entered into a contract with **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

37. That on or before September 10, 2015 continuing thereafter and at all of the times hereinafter mentioned, the defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** had entered into a contract with **2242 REALTY LLC.** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

38. That on or before September 10, 2015, continuing thereafter and at all of the times hereinafter mentioned, the defendant, **LCG COMMUNITY SERVICES, INC,** had entered into a contract with **2242 REALTY LLC.** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

39. That on or before September 10, 2015, continuing thereafter and at all of the times hereinafter mentioned, the defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** had entered into a contract with **2242 REALTY LLC.** to provide placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

40. That on or before September 10, 2015, continuing thereafter and at all of the times hereinafter mentioned, the defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** had entered into a contract with **LCG COMMUNITY SERVICES INC.** to provide

8

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

placement of homeless families in shelters and/or provide housing and/or shelter for homeless families.

41. That on or before September 10, 2015, continuing thereafter and at all of the times hereinafter mentioned, the defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** had entered into a LEASE AGREEMENT with **2242 REALTY LLC.**

42. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** its agents, servants, employees, licensees and/or contractors managed the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

43. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** its agents, servants, employees, licensees and/or contractors controlled the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

44. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** its agents, servants, employees, licensees and/or contractors maintained the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

45. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** its agents, servants, employees, licensees and/or contractors operated the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

46. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** its agents, servants, employees, licensees and/or contractors repaired the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

47. That at all times hereinafter mentioned, Defendant, **THE CITY OF NEW YORK,** its agents, servants, employees, licensees and/or contractors inspected the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

48. That at all times hereinafter mentioned, Defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** its agents, servants, employees, licensees and/or contractors managed the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

49. That at all times hereinafter mentioned, Defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** its agents, servants, employees, licensees and/or contractors controlled the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

50. That at all times hereinafter mentioned, Defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** its agents, servants, employees, licensees and/or contractors maintained the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

51. That at all times hereinafter mentioned, Defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** its agents, servants, employees, licensees and/or contractors operated the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

52. That at all times hereinafter mentioned, Defendant, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,** its agents, servants, employees, licensees and/or contractors repaired the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

53. That at all times hereinafter mentioned, Defendant, **THE NEW YORK CITY**

10

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

**DEPARTMENT OF HOMELESS SERVICES,** its agents, servants, employees, licensees and/or contractors inspected the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

54. That at all times hereinafter mentioned, Defendant, **LGC COMMUNITY SERVICES, INC.,** its agents, servants, employees, licensees and/or contractors managed the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

55. That at all times hereinafter mentioned, Defendant, **LGC COMMUNITY SERVICES, INC.,** its agents, servants, employees, licensees and/or contractors controlled the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

56. That at all times hereinafter mentioned, Defendant, **LCG COMMUNITY SERVICES, INC.,** its agents, servants, employees, licensees and/or contractors maintained the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

57. That at all times hereinafter mentioned, Defendant, **LCG COMMUNITY SERVICES, INC.,** its agents, servants, employees, licensees and/or contractors operated the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

58. That at all times hereinafter mentioned, Defendant, **LCG COMMUNITY SERVICES, INC.,** its agents, servants, employees, licensees and/or contractors repaired the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

59. That at all times hereinafter mentioned, Defendant, **LCG COMMUNITY**

11

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

**SERVICES, INC.,** its agents, servants, employees, licensees and/or contractors inspected the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

58.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** its agents, servants, employees, licensees and/or contractors managed the APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

59.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** its agents, servants, employees, licensees and/or contractors controlled the APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

60.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** its agents, servants, employees, licensees and/or contractors maintained APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

61.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** its agents, servants, employees, licensees and/or contractors operated APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

62.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** its agents, servants, employees, licensees and/or contractors repaired APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

63.   That at all times hereinafter mentioned, Defendant, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** its agents, servants, employees, licensees and/or contractors inspected

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

64     That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** its agents, servants, employees, licensees and/or contractors managed the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

65. That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** its agents, servants, employees, licensees and/or contractors controlled the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

66. That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** its agents, servants, employees, licensees and/or contractors maintained the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

67. That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC,** its agents, servants, employees, licensees and/or contractors operated the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

68. That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC** its agents, servants, employees, licensees and/or contractors repaired the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

69.     That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC** its

13

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

agents, servants, employees, licensees and/or contractors inspected the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

70. That at all times hereinafter mentioned, Defendant, **2242 REALTY LLC** its agents, servants, employees, licensees and/or contractors were the lessors of APARTMENT 44 at the aforementioned premises known and designated as Block: 3030 Lot: 138 and designated as 2242 Webster Avenue, County of Bronx, City and State of New York.

71. The aforementioned property was built prior to 1960.

72. At all times hereinafter mentioned the aforementioned property is a multiple dwelling occupied as the residence or home by three or more families living independently of each other.

73. That one or more of the apartments located within the aforementioned premises are used for the shelter homeless families.

74. Upon information and belief on or about September 10, 2015, prior thereto and continuing thereafter, it was the duty of the defendants, their agents, servants, and/or employees to maintain, use, supervise, manage and control the aforementioned premises in a safe and careful condition and refrain from acts which would render the said premises dangerous and/or unsafe for all those persons lawfully on said premises.

75. Upon information and belief on or about September 10, 2015, prior thereto and continuing thereafter, it was the duty of the defendants, their agents, servants, and/or employees to supervise, manage, control and inspect the aforementioned premises so as to ascertain that said building and premises be and remain in a safe and careful condition and to refrain from acts which would jeopardize the health and safety of the plaintiffs herein.

76. On September 10, 2015, prior thereto and thereafter, Plaintiffs resided at the

14

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

aforementioned property known as 2242 Webster Avenue in Apartment No. 44, County of Bronx, City and State of New York.

77.    At all times herein mentioned plaintiffs were lawfully in and/or upon said premises.

78.    Defendants, knew or should have known that children under the age of six (6) resided in said apartment.

79.    At all times hereinafter mentioned and prior to September 10, 2015, Defendants, **CITY OF NEW YORK** painted the interior of the apartments in said premises with lead based paint.

80.    At all times hereinafter mentioned and prior to September 10, 2015, Defendants, **NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** painted the interior of the apartments in said premises with lead based paint.

81.    At all times hereinafter mentioned and prior to September 10, 2015, Defendants, **2242 REALTY LLC** painted the interior of the apartments in said premises with lead based paint.

82.    At all times hereinafter mentioned and prior to September 10, 2015, Defendants, **LCG COMMUNITY SERVICES, INC.** painted the interior of the apartments in said premises with lead based paint.

83.    On September 10, 2015 and prior thereto, the interior portions of Apartment 44, including but not limited to, the walls, radiators, steam pipes, door sills and/or frames and other interior surfaces of the apartment had peeling paint, were dilapidated and were in poor repair.

84.    On September 10, 2015 and prior thereto, the interior portions of the aforesaid apartment were coated with paint that had a content of lead in excess of the rules promulgated by the New York City Department of Health Code 173.13.

85.    Prior to the commencement of said tenancy, and during said tenancy, defendants, **THE CITY OF NEW YORK** knew or should have known, that the said apartment in said premises had been painted with paint with a lead content and was peeling, flaking, loosening and falling away

15

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

from the walls, ceilings, radiators and other portions of the interior of said apartment, and that such condition of the paint would create and unreasonable risk of injury to plaintiff, who would foreseeably ingest and/or inhale the flaking, peeling and loosening paint, and as a result of such ingestion and/or inhalation suffer from lead poisoning.

86.   Prior to the commencement of said tenancy, and during said tenancy, defendants, **THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES** knew or should have known, that the said apartment in said premises had been painted with paint with a lead content and was peeling, flaking, loosening and falling away from the walls, ceilings, radiators and other portions of the interior of said apartment, and that such condition of the paint would create and unreasonable risk of injury to plaintiff, who would foreseeably ingest and/or inhale the flaking, peeling and loosening paint, and as a result of such ingestion and/or inhalation suffer from lead poisoning.

87.   Prior to the commencement of said tenancy, and during said tenancy, defendants, **2242 REALTY LLC** knew or should have known, that the said apartment in said premises had been painted with paint with a lead content and was peeling, flaking, loosening and falling away from the walls, ceilings, radiators and other portions of the interior of said apartment, and that such condition of the paint would create and unreasonable risk of injury to plaintiff, who would foreseeably ingest and/or inhale the flaking, peeling and loosening paint, and as a result of such ingestion and/or inhalation suffer from lead poisoning.

88.   Prior to the commencement of said tenancy, and during said tenancy, defendants, **LCG COMMUNITY SERVICES, INC.** knew or should have known, that the said apartment in said premises had been painted with paint with a lead content and was peeling, flaking, loosening and falling away from the walls, ceilings, radiators and other portions of the interior of said apartment, and that such condition of the paint would create and unreasonable risk of injury to plaintiff, who

16

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

would foreseeably ingest and/or inhale the flaking, peeling and loosening paint, and as a result of such ingestion and/or inhalation suffer from lead poisoning

89. Prior to the commencement of said tenancy, and during said tenancy, defendants, **RAZZAL HOSPITALITY AND MANAGEMENT INC.,** knew or should have known, that the said apartment in said premises had been painted with paint with a lead content and was peeling, flaking, loosening and falling away from the walls, ceilings, radiators and other portions of the interior of said apartment, and that such condition of the paint would create and unreasonable risk of injury to plaintiff, who would foreseeably ingest and/or inhale the flaking, peeling and loosening paint, and as a result of such ingestion and/or inhalation suffer from lead poisoning

90. While infant plaintiff, R████ J████ E████ was a resident of Apartment No. 44 of the aforementioned premises, he was exposed to, ingested, inhaled and otherwise came into contact with lead-based paint and dust emanating from the interior surfaces in the apartment.

91. Infant Plaintiff, R████ J████ E████, sustained elevated blood lead levels and lead poisoning.

92. That as a result of the foregoing, said plaintiff, R████ J████ E████, **Infant**, was caused to sustain severe, serious and permanent personal injuries, and all of which were caused through the sole carelessness, recklessness and negligence of the defendants, their agents, servants and/or employees, and through no fault or lack of care on the part of the plaintiff, R████ J████ E████, **infant**, contributing thereto.

93. That by reason of the premises and the wrongful, unlawful and negligent acts and omissions on the part of the defendants, their agents, servants and/or employees, as aforesaid, the plaintiff, R████ J████ E████, **infant** was rendered sick, sore, lame and disabled; was seriously and permanently injured; was confined to hospital, bed and home as a result thereof; suffered and will continue to suffer agony in body and mind; was rendered unable to carry on her usual duties and activities; and will continue to require medical care and attention.

17

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

NYSCEF DOC. NO. 22

94. The said injuries to infant plaintiff were caused by one or more of the following negligent acts or omissions by the defendants, their agents, servants and/or employees; in that they negligently owned, operated, managed, leased, maintained, repaired, controlled, inspected and painted the said apartment in said premises occupied by plaintiffs; negligently caused permitted and allowed said apartment occupied by plaintiffs to be, become and remain in a dangerous and defective condition, after due notice, both actual and constructive,; negligently caused and permitted dangerous and improper paint to be used and remain upon the interior surfaces in the plaintiff's apartment; negligently failed to adequately protect infant plaintiff from ingesting and/or inhaling said poisonous lead paint; negligently failed to remove the toxic lead based paint; negligently failed to remove the toxic lead flaking and peeling paint in the plaintiff's said apartment; negligently failed to adequately warn plaintiffs of the dangerous lead content of the paint and of the dangers involved in living in the midst of said hazard; in negligently placing said plaintiffs into said apartment; defendants knew or should have known, or by the reasonable care, caution and inspection should have known the dangers and hazards existing in plaintiffs' apartment of toxic lead based paint; and flaking, peeling and loosening paint with lead content; but despite such knowledge, defendants, failed to remedy said hazards; defendants caused and permitted the painted interiors of plaintiffs' said apartment to fall and remain in an unsafe and dangerous condition with peeling, flaking and loosening paint with a lead content; defendants failed to keep the painted interior of plaintiffs' apartment in a reasonably safe condition so as to prevent injury to infant plaintiff; defendants caused and permitted pieces of paint to loosen, flake, peel and fall away from the walls thereby creating an attractive nuisance which infant plaintiff would likely be attracted to and would be likely to ingest; defendants negligently failed to use paint of proper quality; defendants failed to remove old paint containing a high lead content; defendants negligently failed to use paint of proper quality; defendants failed to remove old paint containing a high lead content prior to the application of new paint; defendants had exclusive control of said painted interior of plaintiffs' apartment and,

18

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

therefore, the doctrine of *res ipsa loquitur* applies; defendants failed to employ properly trained and qualified personnel to inspect, maintain and repaint the painted areas in plaintiffs' apartment; defendants, with gross, reckless and willful negligence failed and refused to promptly and properly correct, remedy, remove, refinish or properly cover the said paint containing lead, after being given actual or constructive notice thereof and acted with a callous and reckless disregard for the rights, welfare and health of infant plaintiff and plaintiff; defendants violated the laws, statutes, rules regulations and ordinances of the City and State of New York; defendants violated the New York City Health Code; Sec 173.13; the Public Health Law § 1370, 1372 and 1373; the New York City Administrative Code § 27-127, 27-128, 27-2013, 27-2115, 27-2005; the Multiple Dwelling Law § 78, 80 and 328 and Section D26-10.00 of the Housing Maintenance Code.

95. Actual notice is claimed by reason of the fact that the defendants, its agents, servants, and/or employees were advised of the existence of the defective and/or dangerous condition that existed in the aforementioned apartment; by reason of the fact that the defendants, its agents, servants, and/or employees were at the place of the occurrence before the accident that they observed the defective condition to exist; that the defendants, its agents, servants and/or employees created the defective condition defendant had further actual knowledge and notice of the dangerous and defective condition in that the defendants, their agents, servants and/or employees caused, permitted to be caused and/or allowed to be caused the defective condition claimed herein.

96. Constructive notice is claimed by reason of the fact that the defective and dangerous condition existed for an unreasonably long period of time prior to the occurrence, and that the aforementioned condition was located in such an open and frequently traveled area, that the defendants knew or should have known of said defective condition through the exercise of reasonable and diligent inspection of the location.

97.    The limitations on liability set forth in CPLR § 1601 do not apply to this action.

19

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

98.   That this action falls within one or more of the exceptions as set forth in CPLR §1602.

99.   That by reason of the foregoing Plaintiff R███████ J████ E████████, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF R███████ J████ E████████, INFANT

100. That at all times hereinafter mentioned, Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "82" as though same more fully set forth herein at length.

101.   On or before September 10, 2015, Defendants has an affirmative duly to conduct reasonable inspections of the subject premises to identify and remove all lead paint hazards therein.

102.   Defendants failed to inspect for and/or remove or abate all lead paint hazards within the subject premises.

103   Due to the defendants' failure to inspect the subject premises and/or remove or abate the lead paint hazards therein, infant Plaintiff, R███████ J████ E████████, was exposed to and did ingest and/or inhale paint and plaster peeling from the interior surfaces of the premises.

104.   Infant Plaintiff. R███████ J████ E████████, was injured.

105.   Infant Plaintiff, R███████ J████ E████████, was seriously injured.

106.   The limitations on liability set forth in CPLR § 1601 do not apply to this action.

107.   That this action falls within one or more of the exceptions as set forth in CPLR §1602.

108   That by reason of the foregoing Plaintiff R███████ J████ E████████L, has been

20

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

damaged in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF ANDREA T███████E█████

109.    That at all times hereinafter mentioned, Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" as though same more fully set forth herein at length



110.. Plaintiff, **ANDREA T**████████ **E**████████, was, and still is, the mother of Plaintiff, R████ J████ E████████, and is responsible for his care, upkeep and maintenance.



111.  That as a result of the injuries sustained by her infant son, the infant Plaintiff, R████ J████ E████████L, the Plaintiff, **ANDREA T**████ **E**████████, suffered loss of services, companionship and medical expenses.

112.   That by reason of the foregoing Plaintiff **ANDREA T**████ **E**████████, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs, R████ J████ E████ infant by his **M/N/G ANDREA T**████ **E**████ and **ANDREA T**████ **E**████L, **Individually** demand judgment against the defendants, in the First Cause of Action in the sum to be set by a jury upon the trial of the action herein; Second Cause of Action in the sum to be set by a jury upon the trial of the action herein; Third Cause of Action in the sum to be set by a jury upon the trial of the action herein; together with the costs and disbursements of this action.

Dated: Bronx, New York
       April 23, 2017

GLENN FINLEY & ASSOCIATES

By: _____

21

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

GLENN FINLEY, ESQ.
Attorneys for Plaintiffs
Office and P.O. Address:
2024 Williamsbridge Road
Bronx, New York 10461
(718) 828-4888

22

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM

NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 04/25/2017

## INDIVIDUAL VERIFICATION

State of New York )
                  ) ss.:
County of Bronx   )

_____
A       T        E

Being duly sworn, deposes and says that deponent is the claimant in the within action; that she has read the foregoing knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

Sworn to before me this 23rd day of April , 2017

_____
Glenn Finley, Esq., Notary Public
State of New York
Registration # 02 F15017903
Qualified in Bronx County
Commission Expires: September 13, 2017

4

FILED: BRONX COUNTY CLERK 04/25/2017 04:35 PM
NYSCEF DOC. NO. 22

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 04/25/2017

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

R████ J███ E████████, an infant under the age of 14 years By his M/N/G ANDREA
T███ E███████ and ANDREA T██████ E████████, Individually,

**Plaintiff,**

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES,
2242 REALTY LLC, LCG COMMUNITY SERVICES, INC.

**Defendants**.

SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT

**GLENN FINLEY & ASSOCIATES**
Attorney for  PLAINTIFF(S)
Office and Post Office Address, Telephone
**2024 Williamsbridge Road
Bronx, New York 10461
(718)828-4888  718) 828-8181 FAX
Signature (Rule 130-1.1-a)**

**GLENN FINLEY ESQ.**

[ ] NOTICE OF ENTRY
Sir: Please take notice that the within is a (certified) true copy of an Order duly entered in the
office of the clerk of the within court on
Dated:  Bronx, New York

[] NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for settlement to the
one of the judges of the within named court, at
Yours, etc.
GLENN FINLEY & ASSOCIATES
Attorney for Plaintiff(s)
By:_____
GLENN FINLEY
2024 Williamsbridge Road
Bronx, New York 10461
(718)828-4888

# Exhibit B

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM
NYSCEF DOC. NO. 3

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 01/30/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

_____ X Index No. 28309/16

R████████ by his mother and natural
Guardian ANDREA T██████ E████ and
ANDREA T██████ E████████, Individually

*AFFIRMATION IN SUPPORT
OF MOTION TO AMEND NOTICE
OF CLAIM*

Claimants,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES AND
2242 REALTY LLC., and LCG COMMUNITY
SERVICES INC.                          Respondents.
_____ X

State of New York)

County of Bronx  ) s. ss:

GLENN FINLEY, an attorney duly admitted to practice in the courts of the

State of New York affirms pursuant to CPLR § 2106 under the penalties of

perjury, the truth of the following:

1.    That I am an attorney and a member of the firm of GLENN FINLEY &

ASSOCIATES, attorneys for the Claimants, INFANT, R████ E████████, by

his mother and natural guardian, ANDREA T██████ E████████, and ANDREA

T██████ ████████ Individually, in the above entitled matter, and as such, am

fully and personally familiar with all of the facts and circumstances surrounding

this matter herein, based upon a review of the file maintained by my office.

2.    I submit this affirmation in support of the Motion seeking to Amend the

previously timely filed Notice of Claim pursuant to the General Municipal Law  §

50-e [5] and [6] , for the reason that the date the TIME AND PLACE CLAIM

AROSE was typed in error in  the originally filed Notice of Claim. The Notice of

1

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM

NYSCEF DOC. NO. 3

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

Claim, filed November 25, 2015 is annexed hereto as Exhibit "**A**".

3.     The underlying claim involves lead poisoning, consumed by Infant R███ ██ E███████ while residing in a New York City sponsored Shelter apartment within the privately owned building premises known as 2242 Webster Avenue, Bronx, New York.

4.     It is claimed the CITY OF NEW YORK, and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES inspected, referred and placed the family of the plaintiffs and plaintiffs herein to reside in the Apartment 44 at 2242 Webster Avenue where it was found to be loaded with lead in its peeling paint in the walls, ceilings and bathrooms.

5.     On September 10, 2015, the Union Community Health Center of St. Barnabas Hospital, Bronx, New York, evaluated, tested and reported the lead blood level of Infant R███████ E███████ was 21 ug/dl, (well above and beyond the normal blood levels of < 5ug/dl hg). The September 10, 2015 lead studies and results are annexed hereto as Exhibit "**B**"

6.     The NEW YORK CITY Department of Health and Mental Hygiene, "Healthy Homes Program/Lead Poisoning Prevention" had been notified by St. Barnabas Hospital of the abnormal lead blood levels and on September 22, 2015 conducted an inspection of the premises at Apartment 44, 2242 Webster Avenue, Bronx, NY where it was determined there were 13 lead violations identified within the apartment. See Exhibit "**C**" '*Inspection Report Notes*'.

7.     Plaintiff's Notice of Claim, served <u>November 25, 2015</u>, identifies two

2

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM
NYSCEF DOC. NO. 3

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 01/30/2017

different dates. In the section TIME AND PLACE CLAIM AROSE, your affiant

erroneously typed one of the dates as September 10, **2014.**

8.      In the separate section MANNER IN WHICH CLAIM AROSE, your affiant

claimed *the CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT*

*OF HOMELESS SERVICES was notified by its own New York City Department*

*of Health on or about September 22, 2015, that the infant claimant had elevated*

*blood levels* from ingestion at the premises. See page two, Exhibit "**A**". This is

the correct date {September 22, 2015} when the NYC Department of health

notified NYC and the NYC Department of Homeless Services. See Exhibit "C"

9.      Claimant, ANDREA T▮▮▮▮ E▮▮▮▮ testified at her 50 h hearing at

pages 13, lines 4 -16 that she moved into the Apartment 44 in January of 2015

and lived there roughly nine to ten months. At page 44, lines 18-20, she testified

that her son R▮▮▮ was diagnosed with elevated lead levels in his blood in

September of **2015.** At page 46, lines 8-21 Andrea T▮▮▮ E▮▮▮ testified that

she reported the abnormal lead level blood results to "DHS" ( the Department of

Homeless Services on **September 10, 2015.** The 50 h hearing transcript, duly

signed and attested, is annexed as Exhibit "**D**" (Social Security number

redacted).

10.     The error, typing September 10, 2014 in the originally filed Notice of

Claim, was not made in bad faith, it was simply typed in error and missed during

spell check. The claimants/plaintiffs herein, did not move into the apartment until

January 2015; the abnormal levels were detected at the Union Community

3

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM

NYSCEF DOC. NO. 3

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

Health Center of St Barnabas Hospital and reported September 10, 2015;

claimant testified clearly in her 50 h hearing that she brought the results that

same day to the Defendant New York City "DHS" on September 10, 2015; clearly

the factual "TIME the CLAIM AROSE". The defendants' NEW YORK CITY

Department of Health Inspectors found the 13 violations and reported same; thus

the defendants herein were aware of the violations through its agents,

employees; hence there is  no actual prejudice herein.

11.    Your affiant is required to move this Court for leave to file an Amended
Notice of Claim, General Municipal Law § 50-e [6]. . § 50-e [6].is set forth as
follows:

6. Mistake, omission, irregularity or defect. At any time after the service of a notice of claim and at any
stage of an action or special proceeding to which the provisions of this section are applicable, a mistake,
omission, irregularity or defect made in good faith in the notice of claim required to be served by this
section, not pertaining to the manner or time of service thereof, may be corrected, supplied or
disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other
party was not prejudiced thereby.

12.    Here, the date in the original Notice of Claim, contained a typographical

error of one year earlier. The error was not made in bad faith. Similarly, in Berko

v City of New York 302 AD 2d 594 [2nd Dept 2003] the typographical error of a

date one year earlier was found not to be made in bad faith, nor was there any

actual prejudice, and no reason to presume prejudice from these presented

facts. Accordingly the motion for leave to serve an Amended Notice of Claim was

granted, Berko, supra at 595.

13.    Ritchie v Felix Assoc., LLC, 60 AD 3d 402 [1st Dept. 2009] and the Matter

of Puzio v City of New York, 24 AD3d 679 [2005] also ruled that General

4

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM

NYSCEF DOC. NO. 3

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

Municipal Law 50-e [6] authorizes a court, in its discretion to grant leave to serve an Amended Notice of Claim where the error in the original notice of claim was made in good faith and the other parties had not been prejudiced thereby. In Ritchie, although three years had passed between the date of the accident and the subject motion there was no lack of good faith and no discovery in the action had commenced; it was held-*+here was neither actual nor apparent prejudice.

14.    In this instant case, Corporation Counsel for the City of New York served its Answer January 11, 2017, announcing the appearance for THE CITY OF NEW YORK S/H/A NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES. There has been no Answer served and issue has not joined with the (pro se) defendants 2242 REALTY LLC., AND LCG COMMUNITY SERVICES INC. There has been no discovery exchanged to date.

15.    Parenthetically, claimant R█████ E██████ was born █████████, and was ██ months old at the time he was diagnosed with the abnormal levels of lead in his blood, on September 10, 2015. A copy of his birth certificate is annexed herewith as Exhibit "**E**" .General Municipal Law 50-e [5]  permits the courts discretion to permit the extension of time to the filing of a (late) notice of claim, and in the case of an infant the time period during which a late notice of claim may be filed is tolled for a period of up to ten years. Tomlinson v. NYC HHC 190 AD 2d 206 . Here, the application is sought for leave to serve an Amended Notice of Claim one year and 4 months following the date when the claim arose.

5

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM
NYSCEF DOC. NO. 3

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 01/30/2017

15.     The Amended Notice of Claim with the correct date when the Claim

arose, September 10, 2015, is annexed herewith as Exhibit "**F**"

Wherefore, it is respectfully requested this court permit the service of the

Amended Notice of Claim to reflect the proper date when the claim arose, there

being no bad faith on the part of claimants or their attorneys and no prejudice to

the respondents

Dated: Bronx, New York                Yours, etc.
        January 19, 2017

                                      Glenn Finley, Esq.
                                      Attorney for Plaintiffs
                                      2024  Williamsbridge Road
                                      Bronx, New York 10461
                                      718 828 4888

6

Exhibit C

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

**FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM**

NYSCEF DOC. NO. 10

---

In the Matter of the Claim of                                              X

                                                    ***AMENDED***
                                                 **<u>NOTICE OF CLAIM</u>**

R(     EN       , by his mother and natural
Guardian ANDREA T   R       ,d
ANDREA T     E
Individually,

                          Claimants,

        -against-
THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HOMELESS SHELTERS AND THE
NEW YORK CITY DEPARTMENT OF INVESTIGATION.
               Respondents.

---------------------------------------------------------------------X

TO:  THE CITY OF NEW YORK AND THE NYC DHS AND THE NYC DOI, c/o
Zachary Carter, Esq., Corporation Counsel, Law Department of the City of New
York. 100 Church Street, New York, NY 10007

PLEASE TAKE NOTICE that the undersigned claimant hereby makes claim and
demands against you as follows:

     1.  Name and post office address of each claimant and claimants attorneys:

| <u>Claimants</u> | <u>Claimants' Attorneys</u> |
|---|---|
| R(     EI      . | GLENN FINLEY & ASSOCIATES |
| ANDREA T(     E | 2024 Williamsbridge Road |
| 91 Mosholu Parkway North | Bronx, New York 10461 |
| Bronx, New York 10467 | 718 828 4888 |

**NATURE OF CLAIM:** To recover damages for serious and permanent personal
injuries, pain and suffering, medical expenses and impairment of earnings
capacity sustained by R     ) EI      an infant, due to the negligence,
carelessness and recklessness of THE CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF HOMELESS SERVICES, and THE NEW YORK CITY
DEPARTMENT OF INVESTIGATION, its agents, servants and/or employees,
with regard to their ownership, operation, maintenance, management,
investigation, control and repair of 2242 Webster Avenue, Apartment #44, Bronx,
New York 10457, the apartment where the infant claimant was residing, which
caused and permitted him to ingest and lead paint and lead paint chips causing
lead poisoning, lead intoxification and plumbism and in otherwise being negligent
under the circumstances.

**TIME AND PLACE CLAIM AROSE:**     September 10, **<u>2015</u>** and continuing
thereafter, and at those times after that date and prior to that date when the
infant claimant resided at 2242 Webster Avenue, #44, Bronx, New York ("the

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM

NYSCEF DOC. NO. 10

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

premises"), during which period of times he was exposed to peeling and chipping paint and dust that caused the infant claimant's elevated blood levels and lead poisoning.

**MANNER IN WHICH CLAIM AROSE:** Due to the negligence of the respondents, their agents, servants and /or employees with regard to their ownership, operation, maintenance, management, investigation, control and repair of the premises, the premises was permitted to be, remain and become in a dangerous defective condition, with peeling and chipping paint and plaster on interior surfaces of the premises which was ingested by the infant claimant, causing lead poisoning. The negligence of the respondents, their agents servants and / or employees consisted of as follows: in failing to inspect the premises; in failing to determine the premises was laden with lead paint and chipping lead paint; in failing to ensure the premises was in good repair; in failing to see to it that the premises was free and clear of lead paint and of peeling lead paint, dust and plaster; in causing, permitting and allowing the premises to be, become and remain in a condition such that the interior surfaces of the dwelling unit in which claimants resided contain an amount of lead in violation of the New York City Health Code § 173.13 (c)(d); in causing, permitting and allowing lead based paint, plaster and dust to be, become, and remain in the infant claimant and claimant's apartment, which constituted a nuisance in that they presented a danger to the life and /or health and / or safety of the infant claimant, RONALD EMANUEL; in failing to inspect the premises; in failing to become aware of the lead violations then and there existing at the building; in failing to perform a lead abatement prior to the date of this occurrence; in failing to specifically inspect the premises for the purpose of discovering the existence or lack thereof of lead based paint in violation of the Administrative Code; in failing to properly paint and plaster the premises prior to this occurrence; in failing to remove all lead paint, peeling paint and chipping paint from the interior surfaces of the dwelling unit of the premises; in violating §78 and §80 of the Multiple Dwelling Law and §27-2013 and §27-2013 (1) (2) & (3) of the Administrative Code; in ignoring complaints made by claimants regarding the peeling chipping paint and plaster on the interior surfaces of their dwelling unit and bathroom; in failing to adequately cure, repair and alleviate the hazards to the infant claimant; in failing to make prompt and expeditious repairs even though the CITY OF NEW YORK and THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES was notified by its own New York City Department of Health on or about September 22, 2015, that the infant claimant had an elevated blood level which was most likely caused by ingestion of lead based paint from the interior surfaces of the premises; and, in addition, in failing timely repairs following the inspection done by the New York City Department of Health; in failing to replace the apartment bath and kitchen appliances,  walls and surfaces of the infant claimants apartment prior to occupancy, and prior and / or subsequent to its own Department of Health inspection; in violating §27-127 and §27-128 of the

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM

NYSCEF DOC. NO. 10

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

Administrative Code of the City of New York; §D26-10.00 of the New York City Housing and Maintenance Code and all other rules and regulations of this great City of New York relating to dwelling units, and in otherwise being careless and reckless under the circumstances.

**ITEMS OF DAMAGE AND INJURIES CLAIMED:** Claimant sustained the following injuries, some of which have yet to manifest themselves: elevated blood lead level; lead poisoning; lead intoxification; plumbism; developmental delays; neurological damage; learning disability; future risk of kidney failure; hearing failure; limitation of educational opportunities; development of attention deficit disorder; hyperactivity, reduced intelligence; deficits in the ability to process, collate and analyze information; pain and suffering; impairment of earning capacity.

Damages are claimed on behalf of claimant R          E          in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

Claimant ANDREA T          E          L was/ is caused to lose the services of her son R          E

Damages are claimed on behalf of claimant ANDREA T          E          in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

Said claim is hereby presented for adjustment and payment, and in the event of a default of THE CITY OF NEW YORK THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES, and THE NEW YORK CITY DEPARTMENT OF INVESTIGATION, to adjust and pay the sum of SIX MILLION DOLLARS to the claimants within the time limited for compliance with this demand, claimants intend to commence an action against the respondents to recover said sums, with interest, costs, and disbursements.

The undersigned claimant (s) therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend to commence an action on this action.

Dated: Bronx, New York
          October 24, 2016

                                        The name must be printed beneath
                                        ANDREA T          E

GLENN FINLEY & ASSOCIATES

Attorneys for CLAIMANTS
2024 Williamsbridge Road
Bronx, New York 10461
(718) 828-4888

3

FILED: BRONX COUNTY CLERK 01/30/2017 03:03 PM

NYSCEF DOC. NO. 10

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 01/30/2017

## INDIVIDUAL VERIFICATION

State of New York)
                 ) ss.:
County of Bronx  )

ANDREA T

Being duly sworn, deposes and says that deponent is the claimant in the within action; that she has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponent believes it to be true.

Sworn to before me this 24th day of October, 2016

_____

Glenn Finley, Esq., Notary Public
State of New York
Registration #  02 F15017903
Qualified in Bronx County
Commission Expires: September 13, 2017

4

Exhibit D

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
R-------J-------E----------L, an infant under the age
of 14 years by his M/N/G ANDREA TUCKER E          and
ANDREA T------------E------------ L, Individually,

                          Plaintiff,

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, 2242
REALTY LLC, LCG COMMUNITY SERVICES, INC.,
RAZZAL HOSPITALITY AND MANAGEMENT INC.

                         Defendants.
------------------------------------------------------------------X
2242 REALTY LLC,

                   Third Party Plaintiff,

    - against-

RAZZAL HOSPITALITY AND MANAGEMENT, INC.

                 Third-Party Defendants.
------------------------------------------------------------------X

**THIRD-PARTY SUMMONS**

Index No.: 28309/2016E

**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:**

     **YOU ARE HEREBY SUMMONED** to answer the Third-Party Complaint of

Defendant/Third-Party Plaintiff, 2242 REALTY LLC, a copy of which is herewith served upon

you, and to serve copies of your Answer upon the undersigned attorneys for Defendant/Third-

Party Plaintiff, and the attorneys for Plaintiff and Defendants, within twenty (20) days after the

service of the Third-Party Summons and Complaint upon you, exclusive of the date of service or

within thirty (30) days after the service is complete if this summons is not personally delivered to

you within the State of New York.

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

In the event you fail to answer the Third-Party Complaint of Defendant/Third-Party Plaintiff 2242 REALTY LLC, judgment will be taken against you by default for the relief demanded in the Third-Party Complaint.

Dated: New York, New York
May 31, 2018

GOLDBERG SEGALLA LLP

By: George Buermann
Oliver E. Twaddell
Attorneys    for    Defendant/Third-Party
Plaintiff
2242 REALTY LLC,
711 3rd Avenue, 19th Floor
New York, NY 10017
Ph.: (646) 292-8751
Fax: (646) 292-8701
otwaddell@goldbergsegalla.com
GS File No.: 1021.0003

To:
Via: New York Secretary of State:
U.S. Certified Mail~ Return Receipt Requested
Razzal Hospitality and Management, Inc.
P.O. Box 99
Cedarhurst, New York  11516

Law Dept. City of New York
Attorney for the City of NY & NYC Dept. of Homeless Services
100 Church Street
New York, NY 10007
Robyn Silvermintz, Esq.

Wingate Spadafora & Schwartzberg, LLP
Attorneys for LCG Community Services, Inc.
45 Broadway 19th Flr
New York, NY 10006

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM
NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 05/31/2018

GLENN FINLEY & ASSOCIATES
Attorney for Plaintiff(s) E------
2024 Williamsbridge Road
Bronx, NY 10461

3

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
R-------J--------E-----------L, an infant under the age
of 14 years by his M/N/G ANDREA TUCKER E        and
ANDREA T------------E----------- L, Individually,

                          Plaintiff,

         -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES, 2242
REALTY LLC, LCG COMMUNITY SERVICES, INC.,
RAZZAL HOSPITALITY AND MANAGEMENT INC.

                        Defendants.
-----------------------------------------------------------------X
2242 REALTY LLC,

                    Third Party Plaintiff,

     - against -

RAZZAL HOSPITALITY AND MANAGEMENT, INC.

                 Third-Party Defendants.
-----------------------------------------------------------------X

**VERIFIED THIRD-PARTY
COMPLAINT**

Index No.: 28309/2016E

      Defendant/Third-Party Plaintiff, 2242 REALTY LLC by and through its attorneys, Goldberg Segalla LLP, as and for its Verified Third-Party Complaint against the above-named Defendant/Third-Party Defendant, RAZZAL HOSPITALITY AND MANAGEMENT, INC., alleges upon information and belief:

      1.     That at all times hereinafter mentioned, 2242 REALTY LLC was and is a New York State domestic limited liability company organized and doing business pursuant to the laws of the State of New York.

4

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

2.      That at all times hereinafter mentioned, RAZZAL HOSPITALITY AND MANAGEMENT, INC. was and is a New York domestic business corporation organized and doing business pursuant to the laws of the State of New York.

3.      That at all times hereinafter mentioned, RAZZAL HOSPITALITY AND MANAGEMENT, INC.  maintained an office or principal place of business at P.O. Box 99, Cedarhurst, New York 11516.

4.      Upon information and belief, RAZZAL HOSPITALITY AND MANAGEMENT INC. has an association, affiliation, agreement, or otherwise relationship with LCG COMMUNITY SERVICES, INC., which assists placing homeless families in housing.

5.      On or about April 9, 2014, RAZZAL HOSPITALITY AND MANAGEMENT INC., as tenant, entered into an Apartment Lease ("Lease") with 2242 REALTY LLC, as landlord, for a two year term. (A copy of the Lease is annexed hereto as **Exhibit A.**) The lease was for apartment #44 at 2242 Webster Avenue, Bronx, NY 10457.

6.      Pursuant to the terms of the Lease, RAZZAL HOSPITALITY AND MANAGEMENT, INC. agreed to defend, indemnify, and hold harmless 2242 REALTY LLC as follows:

> **10. Liability.** Landlord [2242 Realty LLC] is not liable for loss, expense, or damage to any person or property, unless landlord is negligent. Landlord is not liable to tenant for permitting or refusing entry of anyone into the building.
>
> Tenant must pay for damages suffered and reasonable expenses of landlord relating to any clam arising from any act or neglect of tenant. If an action is brought against landlord arising from tenants act or neglect tenants shall defend landlord at tenant's expense with an attorney of landlord's choice.
>
> Tenant is responsible for all acts or neglect of tenant's family, employees. Guests or invitees...

5

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

7.    Further, pursuant to the Lease, RAZZAL HOSPITALITY AND MANAGEMENT INC. agreed to comply with all laws:

> **15. Tenants duty to obey laws and regulations.** Tenant must, at tenants expense, promptly comply with all laws, orders, rules, requests, and directions, of all governmental authorities, landlords insurers, board of fire underwriters, or similar groups. Notices received by tenant from any authority or group must be promptly delivered to landlord. Tenant may not do anything which may increase landlord's insurance premiums. If tenant does, tenant must pay the increase in premium as added rent.

8.    RAZZAL HOSPITALITY AND MANAGEMENT INC. was also responsible for making repairs to the apartment unit and providing notices of any defective conditions:

> **8. Repairs.** Tenant must take good care of the apartment and all equipments and fixtures in it. Landlord will repair the plumbing, heating, and electrical systems. Tenant must, at tenants cost, make all repairs and replacements whenever the need results from tenants act or neglect. If tenant fails to make a needed repair or replacement[,] Landlord may do it. Landlord's reasonable expense will be added rent.

> **9. Fire, Accident, defects, damage** Tenant must give landlord immediate notice of fire, accident, damage, or dangerous or defective condition.

9.    Upon information and belief, on or about January 2015, RAZZAL HOSPITALITY AND MANAGEMENT INC. sub-let the apartment subject to the parties' Lease to Plaintiffs, Andrea Tucker Emanuel and R------ J------ E------, and/or LCG COMMUNITY SERVICES, an entity operated by the NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES.

10.   Upon information and belief, Plaintiffs had a case manager at LCG COMMUNITY SERVICES. LCG COMMUNITY SERVICES placed Plaintiffs as a homeless family with RAZZAL HOSPITALITY AND MANAGEMENT INC.

11.   That if Plaintiffs' alleged injuries at apartment 44 at 2242 Webster Avenue, Bronx, NY, occurred on or between January 2015 and September 2015, then these alleged

6

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

injuries occurred during, in connection with, or arose out of RAZZAL HOSPITALITY AND

MANAGEMENT INC.'s control and/or responsibility of the apartment and failure to maintain,

repair, or otherwise perform upkeep pursuant to its Lease with 2242 REALTY LLC and other

obligations connected to RAZZAL HOSPITALITY AND MANAGEMENT INC.'s affiliation,

agreement, responsibilities, or otherwise association with LCG COMMUNITY SERVICES and

the NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES.

12.    By Summons and Complaint dated December 8, 2016 (annexed hereto as **Exhibit**

**B**), Plaintiffs R------ J------ E-------, an infant under the age of 14 years By his mother natural

guardian ANDREA TUCKER EMANUEL and ANDREA TUCKER EMANUEL, Individually,

commenced an action against Defendants THE CITY OF NEW YORK, NEW YORK CITY

DEPARTMENT OF HOMELESS SERVICES, 2242 REALTY LLC, AND LCG

COMMUNITY SERVICES, INC., alleging that the Defendants were negligent in failing to

inspect and/or abate lead paint hazards, and causing the infant plaintiff to contract lead poisoning

at the premises known and designated as Block 3030, Lot 138, at 2242 Webster Avenue, Bronx,

New York.

13.    On March 2, 2017, 2242 REALTY LLC served its answer to the Verified

Complaint, denying all material allegations. (A copy of said Answer is annexed hereto as

**Exhibit C**). Upon information and belief, all other named defendants answered Plaintiff's

Verified Complaint.

14.    By Supplemental Summons and Amended Verified Complaint dated on or about

April 24, 2017, Plaintiffs R------ J------ E------, an infant under the age of 14 years By his mother

natural guardian ANDREA TUCKER EMANUEL and ANDREA TUCKER EMANUEL,

Individually, amended their complaint to add RAZZAL HOSPITALITY AND MANAGEMENT

7

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

INC. as an additional defendant. (A copy of the Amended Verified Complaint is annexed hereto as **Exhibit D**.) RAZZAL HOSPITALITY AND MANAGEMENT INC. has not served an answer to the Amended Verified Complaint.

15.     On or about October 11, 2017, the Court granted Plaintiffs' motion for default judgment against RAZZAL HOSPITALITY AND MANAGEMENT INC.

16.     The claims against 2242 REALTY LLC arise out of the alleged acts or omissions of RAZZAL HOSPITALITY AND MANAGEMENT INC. The claims against 2242 REALTY LLC occurred directly or indirectly as a result of or in connection with the acts or omissions of RAZZAL HOSPITALITY AND MANAGEMENT INC.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST RAZZAL HOSPITALITY AND MANAGEMENT INC.

17.     That 2242 REALTY LLC repeats, reiterates and realleges each and every allegation designated "1" through "16" herein with the same force and effect as if the same were herein fully set forth at length.

18.     If Plaintiff R------ J------ E------, an infant under the age of 14 years By his mother natural guardian ANDREA TUCKER EMANUEL and ANDREA TUCKER EMANUEL, Individually, were caused to sustain injuries and/or damages at the time and place and in the manner set forth in this action through any carelessness, recklessness, or negligence, other than Plaintiff's own carelessness, recklessness, or negligence, then the injuries and damages were caused and sustained by reason of the sole active and primary carelessness, recklessness, negligence, and/or acts or omissions of RAZZAL HOSPITALITY AND MANAGEMENT INC., and 2242 REALTY LLC is entitled to indemnification, and thereby RAZZAL HOSPITALITY AND MANAGEMENT INC. is primarily liable.

8

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST RAZZAL HOSPITALITY AND MANAGEMENT INC.

19.     That 2242 REALTY LLC repeats, reiterates and realleges each and every allegation designated "1" through "18" herein with the same force and effect as if the same were herein fully set forth at length.

20.     If Plaintiff R------ J------ E------, an infant under the age of 14 years By his mother natural guardian ANDREA TUCKER EMANUEL and ANDREA TUCKER EMANUEL, Individually, sustained the injuries and/or damages in the manner and at the time and place alleged, and it is found that 2242 REALTY LLC is liable herein, all of which is specifically denied, then 2242 REALTY LLC on the basis of apportionment of responsibility and/or contractual responsibility for the alleged occurrence, is entitled to contractual indemnification from and judgment over and against RAZZAL HOSPITALITY AND MANAGEMENT INC.

21.     By reason of the foregoing, 2242 REALTY LLC is entitled to have judgment over and against RAZZAL HOSPITALITY AND MANAGEMENT INC. as to any sum awarded against 2242 REALTY LLC, including costs, expenses, and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST RAZZAL HOSPITALITY AND MANAGEMENT INC.

22.     That 2242 REALTY LLC repeats, reiterates and realleges each and every allegation designated "1" through "21" herein with the same force and effect as if the same were herein fully set forth at length.

23.     If Plaintiff R------ J------ E------, an infant under the age of 14 years By his mother natural guardian ANDREA TUCKER EMANUEL and ANDREA TUCKER EMANUEL, Individually, sustained the injuries and damages in the manner and at the time and place alleged, and it is found that 2242 REALTY LLC, is liable herein, all of which is specifically denied, then

9

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E

RECEIVED NYSCEF: 05/31/2018

2242 REALTY LLC on the basis of apportionment of responsibility and/or contractual responsibility for the alleged occurrence, is entitled to contribution from and judgment over and against RAZZAL HOSPITALITY AND MANAGEMENT INC.

24.     By reason of the foregoing, 2242 REALTY LLC, is entitled to contribution and judgment over and against RAZZAL HOSPITALITY AND MANAGEMENT INC.

**WHEREFORE**, 2242 REALTY LLC demands judgment:

A.     That the Complaint of the Plaintiff and Co-Defendants' cross-claims be dismissed in their entirety, or in the alternative, 2242 REALTY LLC demands judgment over and against RAZZAL HOSPITALITY AND MANAGEMENT INC. for the full amount of any such verdict or judgment obtained by Plaintiffs or Co-Defendant cross-claimants, as well as all attorneys' fees and disbursements, including costs of this action;

B.     That Plaintiffs' complaint and Co-Defendants' cross-claims be dismissed in their entirety, or in the alternative, 2242 REALTY LLC demands apportionment of liability and judgment over and against RAZZAL HOSPITALITY AND MANAGEMENT INC., for the full amount or for that portion or percentage of any judgment obtained by Plaintiffs and/or Co-Defendants, which is determined to be caused or brought about by the acts, omissions or breach of agreement on the part of RAZZAL HOSPITALITY AND MANAGEMENT INC., as well as all attorneys' fees and disbursements, including costs of this action;

C.     That 2242 REALTY LLC be granted such other further and different relief and declarations of rights and legal limitation of the parties to this action as this Court deems just, proper and equitable.

10

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM
NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 05/31/2018

Dated: New York, New York
     May 31, 2018

GOLDBERG SEGALLA LLP

By: George Buermann
    Oliver E. Twaddell
*Attorneys   for   Defendant/Third-Party*
*Plaintiff 2242 REALTY LLC*
711 3rd Avenue, 19th Floor
New York, NY 10017
Ph.: (646) 292-8751
Fax: (646) 292-8701
otwaddell@goldbergsegalla.com
GS File No.: 1021.0003

To:
Via: New York Secretary of State:
U.S. Certified Mail~ Return Receipt Requested
Razzal Hospitality and Management, Inc.
P.O. Box 99
Cedarhurst, New York 11516

Law Dept. City of New York
Attorney for the City of NY & NYC Dept. of Homeless Services
100 Church Street
New York, NY 10007
Robyn Silvermintz, Esq.

Wingate Spadafora & Schwartzberg, LLP
Attorneys for LCG Community Services, Inc.
45 Broadway 19th Flr
New York, NY 10006

GLENN FINLEY & ASSOCIATES
Attorney for Plaintiff(s) E------
2024 Williamsbridge Road
Bronx, NY 10461

11

FILED: BRONX COUNTY CLERK 05/31/2018 10:43 AM

NYSCEF DOC. NO. 51

INDEX NO. 28309/2016E
RECEIVED NYSCEF: 05/31/2018

## ATTORNEY VERIFICATION

**OLIVER E. TWADDELL**, being duly sworn, deposes and says:

That he is a member of the law firm of **GOLDBERG SEGALLA LLP,** the attorneys for Third-Party Plaintiff, **2242 REALTY LLC** in the above entitled action; that he has read and knows the contents of the foregoing Verified Third-Party Complaint, and that same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief and that as to those matters he believes it to be true.

Deponent further says that the grounds for his belief as to all matters therein stated upon information and belief are statements made to him by the Third-Party Plaintiff and papers and documents received by deponent from the Third-Party Plaintiff, or its representatives and which are now in his possession.

Deponent further says that the reason why this verification is made by deponent and not by the Third-Party Plaintiff is that its place of business/residence is not within the County of New York, where deponent has his office.

Dated: New York, New York
       May 31, 2018

_____
       **OLIVER E. TWADDELL**